UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH S., <br><br>　　　　　　　　　　Plaintiff, <br><br>v. <br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security, <br><br>　　　　　　　　　　Defendant. | Case No.: 22cv1176-MDD <br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS** <br><br>[ECF No. 2] |

On August 11, 2022, Joseph S. ("Plaintiff") filed this Social Security appeal pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), challenging the denial of Plaintiff's application for Supplemental Security Income benefits under the Social Security Act and 42 U.S.C. § 1383(c)(3). (ECF No. 1). Plaintiff simultaneously filed a motion to proceed *in forma pauperis* ("IFP"). (ECF No. 2). For the reasons set forth herein, the Court **GRANTS** Plaintiff's motion to proceed IFP.

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus,

must pay a filing fee of $400.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  "To proceed [IFP] is a privilege not a right."  *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).  A party need not be completely destitute to proceed IFP.  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948).

Here, Plaintiff's affidavit sufficiently shows he is unable to pay the fees or post securities required to maintain this action.  Plaintiff has had no employment for at least the past two years and has $1.89 in a checking account.  (ECF No. 2 at 2).  He has no assets.  (*Id.* at 3).  Plaintiff's only monthly income is $250.00 from food stamps.  (*Id.* at 1-2).

Plaintiff declares that his monthly expenses for food amount to $250.00.  (*Id.* at 4-5).  Plaintiff states that his "friend and caregiver" pays for their rent, phone bills, and laundry expenses using Supplemental Security Income checks.  (ECF 2-1 at 1-2).  Plaintiff has no income to spend on bills, clothes, or extra provisions.  (*Id.* at 2).

Plaintiff's affidavit sufficiently demonstrates an inability to pay the required filing fee without sacrificing the necessities of life.  *See Adkins*, 335 U.S. at 339-40.  Accordingly, the Court **GRANTS** Plaintiff's motion to proceed IFP.  Additionally, the Court has reviewed Plaintiff's complaint and concludes it is not subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B).

---

[1] In addition to the $350.00 statutory fee, civil litigants must pay an additional administrative fee of $52.00.  *See* 28 U.S.C. § 1914(b) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The additional $52.00 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

**IT IS SO ORDERED.**

Dated: August 18, 2022

Hon. Mitchell D. Dembin
United States Magistrate Judge